ELVIRA JUANA MANUELA JOAQUINA GARCÍA FERNÁNDEZ, Plaintiff and Appellee-Appellant, *v.* JOSEFA AGUAYO CASALS ET AL., Defendants and Appellants-Appellees.

No. 5864. Argued April 26, 1933.—Decided March 16, 1934.

330

*Tous Soto & Zapater* for appellants-appellees.  *Guerra-Mondragón & Soldevila* for appellee-appellant.

Mr. Justice Wolf delivered the opinion of the court.

In the above-entitled case the defendants-appellants begin their brief by saying that in this case judgment was rendered imposing costs without including attorney's fees, and that the said judgment was affirmed by this court except in a minor particular. The appellants knew very well that the steady jurisprudence of this court was that a pronouncement of costs included attorney's fees. In another part of their brief the defendants again raise the question of the sufficiency of the pronouncement.

The judgment was rendered by Judge Gabriel Castejón, of the District Court of Humacao, commissioned to sit in Ponce. The main case is well known to us all. On appeal to us judgment was rendered by a divided court, affirming the decision below except as to the pronouncement with regard to interest on the rents and profits of the property involved, 39 P.R.R. 82. Our decision was affirmed by the U. S. Circuit Court of Appeals for the First Circuit, 40 F. (2d) 831. So that, when the mandate was sent to the District Court of Ponce, a memorandum of costs was in order.

The plaintiff, Elvira Juana Manuela Joaquina García Fernández, put in a claim of $20,168 of which $20,000 was for attorney's fees. The defendants attacked the memorandum and said that for various reasons the attorney's fees should be nominal. It would appear that the plaintiff only insists on at least $5,000 for fees. The District Court of Ponce awarded the plaintiff $3,000 for attorney's fees, and $18 for other expenses, but refused to approve an item of $300 for disbursements alleged to have been made by reason of a voyage made by plaintiff to Cuba, etc. Both parties appealed.

The oath to the memorandum of costs was signed by Rafael Rivera Zayas, whose intervention in the case had been slight. The sufficiency of the oath is attacked. We shall give no great attention to the informalities of the wording of the oath because we are agreed with the plaintiff that the form of the oath was not important and not adequately assailed. We likewise question whether the assignment of error complies with our rules.

Coming then to the matter really set up in the first assignment of error, we feel bound to hold, as we have frequently done, that the right to costs belongs to the client and not to any particular attorney in the case, and therefore it makes no difference that Rafael Rivera Zayas did not come into the case until the preparation of the memorandum. Almost any one aware of the facts might have sworn to it.

The second assignment of error sets up that the memorandum was defective in not expressing that the fees were paid or owing by the plaintiff. Again we may say that when a person comes into court represented by an attorney, that person incurs an obligation to pay fees by reason of the litigation. As we have indicated before, the fees belong to the party litigant, and not to the attorney.

The third assignment of error refers to the failure of the court to order a bill of particulars as to the lawyers who had intervened in the case, to how much they were entitled, where the trials took place, and to which trials or proceedings the fees referred. The court, upon presentation of the memorandum of costs, was empowered to consider the whole litigation and determine the fees to which the plaintiff was entitled by reason of the difficulties to which she had been put as a result of the position assumed by the defendants. We find a specification unnecessary. This disposes of both the third and the fourth assignments of error.

The fifth assignment is to the effect that the court erred in granting attorney's fees as part of the costs imposed by the judgment in this case. We shall discuss this question no further than to say that in Puerto Rico we have a special system of attorney's fees, and the jurisprudence cited by the defendants from the United States has no particular bearing.

The sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth assignments of error all go, in so far as the questions raised have not been considered by us, to the matter of the discretion of the district court. The defendants-appellants go to great length to show that there was no temerity on their part. Section 327 of the Code of Civil Procedure as amended in 1917 in its final part says as follows: *"And provided, further, That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, considering also the degree of blame, if any, of the party against whom judgment is rendered."* This the court did

when it fixed costs in the judgment without excluding attorney's fees. The judge necessarily thought that there was a certain amount of temerity on the part of the defendants. Therefore, when it comes to fixing the amount of the fees the court has a wide discretion, and after having once determined the fact of temerity, we find no abuse of discretion in fixing the fees at $3,000.

The thirteenth assignment of error is as follows: ''The court erred in approving the memorandum of costs, inasmuch as the judgment that imposed them was null and void.'' This is an insufficient assignment of error, as it gives this court no indication of why the judgment was null and void.

The time for attacking the judgment imposing costs is in the principal appeal, and not when a memorandum of costs is presented. Now, while we can imagine cases where if a judgment is entirely void everything done thereafter might also be void, yet, as the plaintiff points out, this could hardly apply to a recorded judgment. *Torres* v. *American R. R. Co.,* 34 P.R.R. 661.

The attack here made is in the nature of a collateral attack and we think should be governed by similar rules. The specific objection now urged is that Judge Castejón signed his opinion and judgment in Humacao and not in Ponce. They were signed ''Humacao for Ponce''. *Non constat* that the judge personally took them to Ponce. In any event, as the question was not raised before, we are satisfied that the appellants are estopped by their conduct to now raise such a question. If presented in time, Judge Castejón could readily have cured the omission, if any.

The judgment is also attacked on the ground that the District Court of Ponce, as organized at the time Judge Castejón was appointed acting judge, had ceased to exist when the judgment in this case was rendered. Nevertheless, as the plaintiff points out, the judge unanimously was suffered to act without objection, and he was at least a judge *de facto,*

if not *de jure*. We are inclined to think that when a judge hears a case and takes it under advisement, the fact that the court is abolished or reorganized does not prevent him from rendering judgment. It is frequently a case of *nunc pro tunc*.

The order of the district court, so far as the appeal of the defendants is concerned, should be affirmed.

The plaintiff also appealed, but we likewise see no reason for interfering with the discretion of the court below in fixing the fees.

It should be remembered that the defendants were also advised that they had a right to defend and, being women, would necessarily depend upon the advice given.

The plaintiff does not convince us that the trip to Cuba made by her was part of the taxable costs.

The order appealed from will be affirmed.